# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-1985V
UNPUBLISHED

| | |
|---|---|
| BOBBY HULON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 3, 2022<br><br>Special Processing Unit (SPU);<br>Compensation Under the Vaccine<br>Program; Offset; Section 15(g);<br>Claim of Subrogation by Medicare;<br>Section 15(h) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON INABILITY TO CLAIM MEDICARE HEALTH CARE INSURANCE OFFSET IN VACCINE PROGRAM [1]

  The parties in the above-captioned case have settled the claim, and Petitioner awaits a decision adopting their stipulation and awarding compensation. However, Petitioner has learned that Medicare is seeking to attach a lien against any compensation proceeds awarded to him. Accordingly, on April 26, 2022, I held a status conference in the above-captioned case to discuss the propriety of a ruling concerning how Sections 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program (the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

"Vaccine Act" or "Program")² pertain to the ability of third parties to attach a lien to a Program compensation judgment.

In the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. Section 15(a); *Helman v. Sec'y of Health & Hum. Servs.*, No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24, 2014) (citing *Bruesewitz v. Wyeth, LLC*, 131 S. Ct. 1068, 1074 (2011)). But such compensation elements are limited by subsequent sections of the Act. Thus, punitive or exemplary damages are prohibited, and awards for unreimbursable expenses and/or pain and suffering may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." Section 15(d).

In addition, total recoverable compensation for an established vaccine injury is offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. Section 15(g).³ Thus, the Vaccine Act always and by its own terms functions as a *secondary payer* to a petitioner's health care insurance – the "payor of last resort."⁴ Indeed, the Act *prohibits* any "policy of health insurance" from "mak[ing] payment of benefits under the policy *secondary* to the payment of compensation under the Program," and also prohibits an entity that "provides health services on a prepaid basis or provides health benefits" from "mak[ing] the provision of health services or health

---

² The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq*. Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

³ As Section 15(g) specifically states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act), or (2) by an entity which provides health services on a prepaid basis.

Section 15(g).

⁴ I and other special masters have issued similar rulings in other cases. *Love v. Sec'y of Health & Hum. Servs.*, No. 19-1134V, 2021 WL 4708710 (Fed. Cl. Spec. Mstr. Sept. 3, 2021)(also involving Medicare); *McTernan v. Sec'y of Health & Hum. Servs.,* No. 19-0662V, 2019 WL 2962019 (Fed. Cl. Spec. Mstr. April 27, 2020); *Gram v. Sec'y of Health & Hum. Servs.,* No. 15-0305V, 2015 WL 7166097 (Fed. Cl. Spec. Mstr. Sept. 29, 2015); *Dashty v. Sec'y of Health & Hum. Servs.,* No. 15-0966V, 2018 WL 2411049 (Fed. Cl. Spec. Mstr. Mar. 5, 2018); *Kuhl v. Sec'y of Health & Hum. Servs.,* No. 16-1716V, 2018 WL 4391002 (Fed. Cl. Spec. Master May 24, 2018); *Fennig v. Sec'y of Health & Hum. Servs.,* No. 17-2019V, 2018 WL 7247224 (Fed. Cl. Spec. Mstr. Dec. 17, 2018).

benefits secondary to the payment of compensation under the Program." Section 15(h) (emphasis added).[5]

Because of the above, any entitlement award paid to a petitioner *cannot* include amounts paid or expected to be paid under his or her existing health care insurance policy. The plain language of the Vaccine Act *does not authorize reimbursement* for benefits already paid – here, under Petitioner's Medicare health care insurance policy.

**This means Petitioner's insurer cannot be reimbursed by the Vaccine Program for its payments for Petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged**. Petitioner shall so inform any entity that indicates the intent to act contrary to the Act's requirements.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Sections 15(g) and (h) set forth the sole exception – services or benefits provided under Title XIX of the Social Security Act (42 U.S.C. § 1396 *et seq.*), meaning Medicaid treatment. "Medicaid liens" *may* be asserted against Program awards.